| | | |
|---|---|---|
| SERGEANT JAMES CHRISTOPHER BURGESS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS AND DISCOVERY** |
| TOWN OF DALLAS, NORTH CAROLINA, ROBERT WALLS, in his official capacity as Chief of Police of the Dallas Police Department and in his individual capacity, | ) ) ) ) | |
| Defendants. | | |

**NOW COME** Defendants Town of Dallas, North Carolina ("the Town") and Robert Walls, in his official capacity as Chief of Police of the Dallas Police Department and in his individual capacity ("Chief Walls") (collectively "Defendants"), by and through undersigned counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 7.3, and the Honorable Frank D. Whitney's Standing Order, and hereby submit this Memorandum of Law in Support of Defendants' Motion to Stay Further Proceedings and Discovery Pending Resolution of Defendants' Motion to Dismiss Plaintiff's Amended Complaint. In support, Defendants state as follows:

**PROCEDURAL BACKGROUND**

Plaintiff filed this action against Defendants in the United States District Court for the Western District of North Carolina on February 24, 2025 and Defendants were served on or about March 10, 2025. (DE 1); (DE 7). Defendants moved to dismiss Plaintiff's Original Complaint on April 21, 2025 (DE 9); (DE 10), and rather than filing an Opposition to Defendants' Motion,

Plaintiff amended his Complaint on May 5, 2025. (DE 11). Plaintiff's Amended Complaint brings claims under 42 U.S.C. § 1983 and § 1981 for 1) Race Discrimination and 2) Race Retaliation against the Town and Chief Walls in his official and individual capacity; 3) for Race Harassment under 42 U.S.C. § 1983 and § 1981 against the Town and Chief Walls in his individual capacity; and 4) Retaliation in Violation of the First and Fourteenth Amendments under 42 U.S.C. § 1983 against the Town and Chief Walls in his individual capacity. *Id*. Plaintiff's suit arises from his employment with the Town and his contention that he was passed up for promotion in February of 2021 and treated differently from white Officers. *Id*.

Contemporaneously with the filing of this Motion, Defendants have filed a fully dispositive motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and seek dismissal of all Plaintiff's claims against them, with prejudice. Given the fully dispositive relief sought in Defendants' Motion to Dismiss, Defendants respectfully request a Stay of all further proceedings in this matter pending the Court's resolution of the Motion to Dismiss. On May 27, 2025, undersigned counsel requested that Plaintiff's counsel provide Plaintiff's position on this Motion pursuant to Local Civil Rule 7.1(b), but as of the time of filing, Defendants have not received a response.

## ARGUMENT

### I. The Court Should Grant A Stay In Light of Defendants' Pending Motion to Dismiss.

Federal Rule of Civil Procedure 26(d) empowers courts to control, and when appropriate, limit the timing and sequence of discovery and related matters. The Court's power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis* v. *North American Co.,* 299 U.S. 248, 254 (1936). A trial court has discretion to control its docket and inherent power to stay further proceedings. *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.,* 96 F.3d

4934-8021-9974, v. 1

88, 97 (4th Cir. 1996); *see also Ryan v. Gonzales,* 568 U.S. 57, 74 (2013) ("We do not presume that district courts need unsolicited advice from us on how to manage their dockets. Rather, the decision to grant a stay … 'is generally left to the sound discretion of district courts.'") (quoting *Schriro v. Landrigan,* 550 U.S. 465, 473 (1933)).

In determining whether to grant or deny a motion to stay proceedings, the District Court is called upon to exercise its judgment in order to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket. *United States v. Georgia Pac. Corp.,* 562 F.2d 294, 296 (4th Cir. 1977). As described below, the grant of Defendants' Motion to Stay serves the interests of judicial economy, is warranted by Defendants' pending Motion and poses no harm to Plaintiff's litigation of this case.

For the reasons set out in greater detail in the Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Defendants assert that Plaintiff's Amended Complaint raises no legally cognizable claim upon which relief can be granted under federal law. Defendants are seeking dismissal of all Plaintiff's claims with prejudice. Therefore, should this Court grant Defendants' Motion to Dismiss, in whole or part, the need for any discovery may be entirely eliminated, or otherwise greatly reduced or limited. Accordingly, a stay of further proceedings is proper, because the Court's resolution of Defendants' Motion will result in a narrowing of parties and issues in this case.

Defendants respectfully request that further discovery, and specifically, the requirement that the Parties engage in an Initial Attorney's Conference, be stayed in this matter until such time as Defendants' Motion to Dismiss is ruled upon by this Court, as otherwise, the Parties may be required to expend time and resources in holding the Initial Attorney's Conference and preparing related filings that would ultimately be unnecessary should the Court rule in Defendants' favor on their Motion to dismiss. Defendants respectfully suggest that the interests of judicial economy and

4934-8021-9974, v. 1

efficiency will best be served if the Court stays the Initial Attorney's Conference and filing of a proposed discovery plan, if needed, until after the resolution of Defendants' Motion to dismiss, as a favorable ruling regarding Defendants' Motion will nullify the need for further proceedings in this case.

This Court has routinely stayed the commencement of discovery and requirement of the Initial Attorney's Conference pending the resolution of Rule 12 motions like Defendants' Motion here, consistent with the language of the Local Rules. *See Coffey Creek Associates Ltd Partnership v. Guardian Protection Services Inc.*, No. 3:09-CV-295-GCM-DCK, 2010 WL 3516832 (W.D.N.C. Sept. 3, 2010) (granting motion to stay Initial Attorney's Conference and briefing schedule while motion to dismiss was pending); *Exela Pharma Sciences LLC v. Cornerstone Therapeutics Inc.*, No. 5:13-CV-111-RLV-DCK, 2013 WL 6923395 (W.D.N.C. Oct. 18, 2013) (granting defendant's motion to stay Initial Attorney's Conference while a motion to dismiss or alternatively to transfer venue was pending); *Brackett v. Walker*, No. 1:07-CV-346, 2007 WL 4165248 (W.D.N.C. Nov. 19, 2007); *See e.g.*, *Breyan v. U.S. Cotton, LLC Long Term Disability Plan*, 2013 WL 6923388 (W.D.N.C. Sept. 16, 2013) (finding good cause to suspend the Initial Attorney's Conference until after disposition of a pending dispositive motion); *Franklin v. Yancey Cty.*, No. 1:09CV199, 2010 WL 335582, at *1 (W.D.N.C. Jan. 27, 2010) (staying the Initial Attorney Conference pending a ruling on defendants' motion for judgment on the pleadings).

There is also no prejudice anticipated to Plaintiff as Plaintiff's Amended Complaint was only filed on May 5, 2025, and the case is in its early stages. (DE 11). On the other hand, if the Parties are required to participate in further activities pending disposition of Defendants' Motion, the Parties will likely incur significant and unnecessary time and expense litigating potentially non-justiciable claims. Accordingly, a stay is proper because the interest in not requiring the Parties to engage in unnecessary discovery and preparatory matters outweighs any potential harm of delay.

4

4934-8021-9974, v. 1

Therefore, in the interest of judicial economy, and in order to avoid inefficiencies and unnecessary costs, the Court should stay all further proceedings and discovery pending its ruling on Defendants' Motion to Dismiss.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court issue an order to stay the requirement for the Parties to conduct an Initial Attorney's Conference until fourteen (14) days after the Court rules on Defendants' Motion to Dismiss in this matter. Further, Defendants request that the Court allow the Parties to file the Certification of Initial Attorney's Conference and proposed discovery plan seven (7) days after completing the Initial Attorney's Conference, if needed. For the foregoing reasons, Defendants respectfully request that Defendants' Motion to Stay Further Proceedings and Discovery be GRANTED.

Respectfully submitted, this the 29th day of May, 2025.

**CRANFILL SUMNER LLP**

BY:  /s/ *John P. Wright*
Kayla N. McDaniel, NC Bar # 57995
John P. Wright, NC Bar # 55109
*Attorneys for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
kmcdaniel@cshlaw.com
jwright@cshlaw.com

4934-8021-9974, v. 1

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULES AND INITIAL SCHEDULING ORDER</u>

The undersigned certifies that, in accordance with the Court's Standing Order In Re: Use of Artificial Intelligence (Docket No. 2:24-mc-104), that no artificial intelligence was employed in doing research for the preparation of this document, with the exception of such artificial intelligence embedded in Westlaw Edge; and that every citation to an authority in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority is provided.

The undersigned further certifies that this document does not exceed 4,500 words, exclusive of the case caption, and any certificates of counsel, as required pursuant to the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-MC-47 (Doc. No. 2).

This the 29th day of May, 2025.

**CRANFILL SUMNER LLP**

BY: /s/ *John P. Wright*
Kayla N. McDaniel, NC Bar # 57995
John P. Wright, NC Bar # 55109
*Attorneys for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
kmcdaniel@cshlaw.com
jwright@cshlaw.com

6

4934-8021-9974, v. 1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 29, 2025, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS AND DISCOVERY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Michael L. Littlejohn, Jr.
Littlejohn Law PLLC
P.O. Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Facsimile: (704) 625-9396
Email: mll@littlejohn-law.com
*Attorney for Plaintiff*

**CRANFILL SUMNER LLP**


BY:    /s/ *John P. Wright*
          Kayla N. McDaniel, NC Bar # 57995
          John P. Wright, NC Bar # 55109
          *Attorneys for Defendants*
          P.O. Box 30787
          Charlotte, NC 28230
          Telephone (704) 332-8300
          Facsimile (704) 332-9994
          kmcdaniel@cshlaw.com
          jwright@cshlaw.com

4934-8021-9974, v. 1