UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-cv-00137

| | | |
|---|---|---|
| SERGEANT JAMES CHRISTOPHER BURGESS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **DEFENDANTS' REPLY TO PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| TOWN OF DALLAS, NORTH CAROLINA, ROBERT WALLS, in his official capacity as Chief of Police of the Dallas Police Department and in his individual capacity, | ) ) ) ) | |
| Defendants. | | |

**NOW COME** Defendants Town of Dallas, North Carolina ("the Town") and Robert Walls, in his official and individual capacity ("Chief Walls") (collectively, "Defendants"), and Reply to Plaintiff's Amended Response to Defendants' Motion to Dismiss. (DE 27).

## I. Plaintiff Waived Claims Not Responded to In His Opposition.

Plaintiff waived all claims his Opposition failed to address. A "party waives an argument . . . by failing to develop its argument—even if its brief takes a passing shot at the issue." *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017). Plaintiff does not address Defendants' arguments that:

- Plaintiff's official capacity claims against Walls should be dismissed as duplicative;

- § 1981's four-year statute of limitations bars consideration of events before February 24, 2021; and

- Plaintiff conclusively fails to plead a cognizable Fourteenth Amendment claim.

(DE 15, pp 4, 12, 14).

Plaintiff likewise entirely failed to rebut Defendants' argument that Plaintiff's "Race Retaliation" claim should be dismissed. *Id*. at 10-11. By declining to address the foregoing arguments, Plaintiff waived these claims.[1]

## II.     Plaintiff Cannot Establish *Monell* Liability.

Conceding no *Monell* liability exists pursuant to "an express policy," Plaintiff instead contends "there was a *de facto* custom and practice of disparate treatment against Black officers" and "the Town delegated to Chief Walls' final policymaking authority." *Id*. at 6, 8.

Plaintiff first argues a *de facto* custom exists because "over a period of 10 years, **no** African-American officer was promoted" to Captain or Lieutenant. *Id*. at 6. However, allegations before February 24, 2021 are barred under § 1981's four year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). To wit, this Court may only consider the January 2021 Captain promotion board and the Lieutenant position. The Lieutenant position **has been vacant since 2017**. (DE 11, ¶¶ 34, 55, 120, 153). Therefore, Plaintiff cannot show a *de facto* custom exists for failure to promote **African American officers** to Lieutenant, where **no officers** have been promoted to Lieutenant. *Id*.

Plaintiff's next argument, "that the Town delegated the final authority to make personnel decisions regarding the Police Department to Chief Walls," contains a fatal fallacy. (DE 27, p 7). Plaintiff does not contend Walls possessed policymaking "authority to set and implement general goals and programs of **municipal government**," but only authority to make decisions for the **Department**. *Lytle v. Doyle*, 326 F.3d 463, 472 (4th Cir. 2003) (internal citation omitted) (emphasis added).

---

[1] Should the Court find these claims are not waived, Defendants rely on the arguments asserted in their original Memorandum. (DE 15).

4926-8016-2397, v. 2

The Fourth Circuit warnsagainst confusing "the authority to make final *policy* with the authority to make final implementing *decisions*," i.e., the exact argument Plaintiff raises. *Greensboro Professional Fire Fighters Ass'n, Local 3157 v. City of Greensboro,* 64 F.3d 962, 966 (4th Cir. 1995) (emphases in original). Plaintiff conflates these distinct standards, arguing he "pled sufficient facts to allow a finding that Chief Walls was a 'final authority' with respect to decisions which affected the police department." (DE 27, p 7). Plaintiff's argument misses the mark. Walls' authority to make decisions for the ***Department*** does not translate to policy-making authority to for the ***Town as a whole***.

Plaintiff cites a single, inapposite case to support his position, *Pembaur v. City of Cincinnati*, where the Supreme Court determined the County Sheriff and Prosecutor were "authorized to establish 'the official policy'" for the County. 475 U.S. 469, 476, 106 S. Ct. 1292, 1296 (1986). *Pembaur* has no application here, where the Town's Ordinances and analogous case law previously cited Defendants unequivocally shows Walls was ***not a final municipal policymaker***. (DE 15, pp 7-9). While Plaintiff may choose to ignore the Ordinances' plain language and firmly-established case precedent, nevertheless, his *Monell* claim fails because Walls does not possess final policymaking authority for the Town.

## III. Plaintiff's Individual Capacity Claims Against Walls Should Be Dismissed.

### A. Plaintiff's §§ 1981 and 1983 Racial Discrimination Claims Fail.

Plaintiff now claims Defendants discriminated against him only by virtue of his "two failure to promote claims," i.e., the Captain promotion decision, and the "vacant Lieutenant position." (DE 27, pp 10-11). As Plaintiff has abandoned any argument that Defendants discriminated against him through actions ***besides the promotional process***, this Court should not consider any such allegations.

3

4926-8016-2397, v. 2

As to the Captain promotion process itself, Plaintiff merely speculates that this process was discriminatory, but wholly fails to allege facts establishing he would have been promoted to Captain but-for Chief Walls' racial animus. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333, 140 S. Ct. 1009, 1014, 206 L. Ed. 2d 356 (2020). With respect to Plaintiff's claim that he was "denied promotion" to Lieutenant, he does not allege ***he ever actually applied***, much less was ***rejected*** for this position, but admits the position has remained ***vacant***. (DE 11, ¶¶ 34, 55, 120, 153).

### B. Plaintiff's First Amendment Retaliation Claim Fails.[2]

Distancing himself from the Complaint's allegations that his "protected speech" concerns grievances regarding ***his own employment***, Plaintiff now claims he "complained to management regarding a pattern and practice of improper and discriminatory processing of citizen complaints against police officers." (DE 27, p 13). But the Complaint readily disproves this argument, as Plaintiff never actually pled that he ***engaged in protected speech*** whatsoever regarding these "citizen complaints." (DE 11, ¶¶ 201-210). To the contrary, Plaintiff only complains of his "consistent exclusion [ . . . ] from participating in disciplinary investigations of white officers," rather than any protected affirmative speech. *Id*. Consequently, Plaintiff cannot establish he engaged in protected speech involving a matter of public concern, and the analysis ends there. *Baker v. Mecklenburg* County, 853 F.Supp. 889, 892 (W.D.N.C. 1994), *aff'd* 48 F.3d 1215 (4th Cir. 1995).

Once more, the case Plaintiff cites in support, *Campbell v. Galloway*, has no application to this case. 483 F.3d 258, 269 (4th Cir. 2007). In *Campbell*, the Fourth Circuit considered whether

---

[2] Plaintiff only addresses his "claim of retaliation under the First Amendment," but ignores his purported Fourteenth Amendment retaliation claim. (DE 27, pp 12-17). Plaintiff likewise fails to rebut Defendants' arguments that his Third Claim for Relief, for "Race Retaliation under § 1981 in violation of § 1983," should be dismissed. As a result, Plaintiff waived his ability to pursue his claim for "Race Retaliation," and his Fourteenth Amendment retaliation claim.

4926-8016-2397, v. 2

complaints of sexual harassment touched on matters of public concern, and observed the plaintiff's complaint "involve[ed] improper treatment *of members of the public* as well as female officers," and was not brought "to resolve *her own personal problem*," but "to challenge the practice within the department." *Id*. at 483 F.3d at 270 (emphasis added). Despite Plaintiff's claim that *Campbell* is "a very similar case," *Campbell* only highlights the clear distinction between actual protected speech and Plaintiff's unprotected speech here, which was nothing more than "[p]ersonal grievances, complaints about conditions of employment, or expressions about other matters of personal interest," none of which is protected speech. *Id*. at 483 F.3d at 267.

### C. Chief Walls Is Entitled to Qualified Immunity.

Plaintiff's final argument, that qualified immunity does not bar his "race discrimination" and First Amendment retaliation claims against Chief Walls, fails. Officials are entitled to qualified immunity unless (1) the complaint sufficiently alleges a violation of a constitutional right, and (2) the right at issue, defined at the appropriate level of generality, was "clearly established" at the time of the alleged misconduct. *Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs.*, 597 F.3d 163, 169 (4th Cir. 2010).

Here, Plaintiff's wholesale failure to allege sufficient facts to plead even the bare bones of a First Amendment claim equally bars him from demonstrating the claimed Constitutional right was clearly established, and accordingly, he cannot overcome qualified immunity. (DE 27, pp 12-15). Moreover, while Plaintiff claims he "complained about racial discrimination in the Department," he only pled "he met with then-Town Manager Maria Stroupe," but does not allege he actually complained *to Walls*. (DE 11, ¶ 45).

Qualified immunity likewise bars Plaintiff's race discrimination claim against Walls, where Plaintiff only offers vague allegations divorced from fact, claiming "[t]here are fewer rights

4926-8016-2397, v. 2

more clearly delineated in the Constitution and federal statutes than the right to be free of discrimination based on race." (DE 27, p 12). Plaintiff fails to allege facts sufficient to establish not express *how* Chief Walls purportedly discriminated against him based on his race, and thus, qualified immunity bars this claim as well.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court GRANT their Motion to Dismiss and DISMISS Plaintiff's claims WITH PREJUDICE.

Respectfully submitted, this the 25th day of August, 2025.

**CRANFILL SUMNER LLP**

BY: /s/ *Kayla N. McDaniel*
Kayla N. McDaniel, NC Bar # 57995
John P. Wright, NC Bar # 55109
*Attorneys for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
kmcdaniel@cshlaw.com
jwright@cshlaw.com

6

4926-8016-2397, v. 2

## CERTIFICATE REGARDING THE USE OF ARTIFICIAL INTELLIGENCE AND WORD LIMITATION

The undersigned certifies that, in accordance with the Court's Standing Order In Re: Use of Artificial Intelligence (Docket No. 2:24-mc-104), that no artificial intelligence was employed in doing research for the preparation of this document, with the exception of such artificial intelligence embedded in Lexis; and that every citation to an authority in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority is provided.

The undersigned further certifies that this document does not exceed 1,500 words, exclusive of the case caption, and any certificates of counsel, as required pursuant to the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-MC-47 (Doc. No. 2).

This the 25th day of August, 2025.

**CRANFILL SUMNER LLP**

BY:  /s/ *Kayla N. McDaniel*
John P. Wright, NC Bar # 55109
Kayla N. McDaniel, NC Bar # 57995
*Attorneys for Defendants*
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
kmcdaniel@cshlaw.com
jwright@cshlaw.com

4926-8016-2397, v. 2

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 25, 2025, I electronically filed the foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Michael L. Littlejohn, Jr.
Littlejohn Law PLLC
P.O. Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Facsimile: (704) 625-9396
Email: mll@littlejohn-law.com
*Attorney for Plaintiff*

                                            **CRANFILL SUMNER LLP**

BY:    /s/ *Kayla N. McDaniel*
         John P. Wright, NC Bar # 55109
         Kayla N. McDaniel, NC Bar # 57995
         *Attorneys for Defendants*
         P.O. Box 30787
         Charlotte, NC 28230
         Telephone (704) 332-8300
         Facsimile (704) 332-9994
         kmcdaniel@cshlaw.com
         jwright@cshlaw.com

4926-8016-2397, v. 2